## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)

| | | |
|---|---|---|
| UNITED STATES | : | |
| | | **CRIMINAL DOCKET NO.:** |
| v. | : | **2:07-CR-00361 – GP - 1** |
| DOUGHERTY | : | |

### IN RE SEALING OF FBI AFFIDAVIT PERTAINING TO JOHN J. DOUGHERTY, MOVANT

### MEMORANDUM OF LAW IN FURTHER SUPPORT OF EXPEDITED PETITION TO ENFORCE AND MAINTAIN SEAL PROTECTION OVER THE HIGHLY CONFIDENTIAL FBI AFFIDAVIT PERTAINING TO JOHN J. DOUGHERTY, MOVANT

Movant, John J. Dougherty ("Dougherty" or "Movant"), by and through his attorneys, Sprague & Sprague, submits the following Memorandum of Law in further support of his Expedited Petition to Enforce and Maintain Seal Protection over the Highly Confidential FBI Affidavit in order to respond to issues raised at the hearing before the Honorable Gene E.K. Pratter on May 7, 2014.

### BACKGROUND

This matter involves the sealed FBI Affidavit of probable cause that was issued in connection with a search warrant of Movant John Dougherty's residence (the "FBI Affidavit"), which never resulted in an indictment being brought against him.  It is the understanding of the U.S. Attorney's Office for the Eastern District of Pennsylvania that at the time the FBI Affidavit was presented to the Honorable Thomas J. Rueter of this Court on or about November 9, 2006 and a search warrant was issued, the FBI Affidavit was placed under seal and has remained

under seal in the federal court system to this day, having never been unsealed by any federal judicial officer.

In January 2008, the FBI Affidavit was mistakenly attached as an exhibit to a government filing ("Document 27") in the instant criminal case against Donald Dougherty, Jr., *United States v. Donald Dougherty, Jr.*, E.D. Pa., No. 2:07-cr-00361.  The criminal prosecutor who was assigned to the Donald Dougherty, Jr., case at the time, Assistant United States Attorney Anita Eve of the United States Attorney's Office for the Eastern District of Pennsylvania, did not know that a copy of the FBI affidavit had been included with Document No. 27 until December 2012. Assistant United States Attorney Paul Gray, who subsequently entered his appearance on April 4, 2008, likewise did not know that a copy of the FBI affidavit had been included with Document No. 27 until December 2012.  Promptly upon learning of this error, Assistant United States Attorney Paul Gray requested a correction to the record through a stipulation of the parties, which resulted in the December 17, 2012 Order of this Court, removing the inadvertently-filed copy of the FBI Affidavit from the record and placing it in sole the possession of the U.S. Attorney's Office, protected from public view.

Notwithstanding that the FBI Affidavit was subject to seal protection, the defendants in a defamation case (the "*Inquirer* parties") brought by Movant in the Pennsylvania Court of Common Pleas, Philadelphia County,[1] attached a copy of the FBI Affidavit as an exhibit to a motion for summary judgment filed in that matter.  By order of the Philadelphia Court, the exhibit containing a copy of the FBI Affidavit was placed under seal with the Court of Common Pleas where it remained until the Honorable Lisa M. Rau issued an Order on April 28, 2014 directing the Prothonotary to immediately unseal it.  As a result of Judge Rau's Order, the FBI Affidavit is now publicly available from the Court of Common Pleas' files.

---

[1] *Dougherty v. Philadelphia Newspapers LLC, et al.*, PCCP March Term 2009, No. 04790.

Movant sought emergency relief from this Court, as the authority that sealed the original FBI Affidavit, to enforce and maintain the document's seal protection. This Memorandum of Law addresses issues raised by the Court in a May 7, 2014 hearing regarding Movant's motion.

## ARGUMENT

I. **The Inadvertent Public Filing of the Sealed FBI Affidavit and Subsequent Media Publication Do Not Bar This Court from Enforcing the Document's Seal Protection**

Controlling precedent in a case with substantially similar facts directly supports this Court's power to afford the relief requested by Movant. The Third Circuit has explicitly rejected the contention made here by the *Inquirer* parties that this Court may not enforce the seal over the FBI Affidavit simply because it was at one time publicly available due the Government's inadvertent inclusion of a copy of the FBI Affidavit with a public filing and because the press has reported on its contents. *See U.S. v. Smith*, 123 F.3d 140, 144 (3d Cir. 1997) (holding that document potentially containing confidential grand jury material was properly sealed "despite the fact that [the document] has already been publicly disclosed"). Not only did the Third Circuit in *Smith* make clear that the District Court had the power to enforce the seal of protected but publicly released documents, it found the very cases now relied upon by the *Inquirer* parties inapposite and irrelevant where, as here, the District Court's order does not bar newspapers from publishing documents already in their possession. *See Smith*, 123 F.3d at 154-55 (distinguishing *In re Charlotte Observer*, 921 F.2d 47 (4th Cir. 1990), and *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976), as cases based on the law of prior restraint).[2]

---

[2] *The Florida Star v. B.J.F.*, 491 U.S. 524 (1989), relied upon by the *Inquirer* parties, does not support their position for the same reason. That case involved the constitutionality of imposing civil damages on a newspaper, pursuant to a state statute, for publishing the name of a rape victim that the newspaper had lawfully obtained, *i.e.*, a prior restraint issue. Indeed, contrary to the *Inquirer* parties' contention that confidential information no longer deserves protection once publicly released, the Supreme Court in *The Florida Star* referred to appellant rape victim by her initials to respect her privacy interests, notwithstanding that her name had already been published in newspapers and that she had used her full name in the caption of the case. 491 U.S. at 527 n.2.

3

In *Smith*, the government had publicly disclosed a confidential sentencing memorandum that it had submitted to the court, which contained allegations of criminal conduct against several uncharged parties, by posting the document on its website and making copies available to members of the press, the public, and state regulators. 123 F.3d at 143. The dissemination was immediately followed by a series of newspaper articles repeating the substance of the sentencing memorandum, including the allegations against the uncharged individuals. *Id.* at 144. Upon the request of the uncharged individuals, the district court ordered the sentencing memorandum removed from the clerk's office and placed under seal and for the parties to file under seal briefs concerning to what extent the sentencing memorandum was sourced in secret grand jury material. *Id.* Two newspapers intervened and then moved for access to the sealed papers and proceedings, which the district court denied. *Id.* at 143.

On appeal, the newspapers argued that they had a *First Amendment* right to access to the sealed materials because the sentencing memorandum had already been disclosed to the public and thus the information the opposing parties were seeking to protect was no longer secret. *Id.* at 154. The Third Circuit flatly rejected this argument, holding that a court "is simply not powerless" in the face of improper public disclosure of protected information to prevent further disclosures of those same secrets. *Id.* The Court found instructive U.S. Supreme Court precedent and decisions of other federal circuit courts holding that disclosure of protected information did not moot the issue since although secrecy could not be restored, courts could grant relief by preventing further disclosure. *Id.*

Notably, in so holding, the Third Circuit found entirely inapposite the line of cases that the *Inquirer* parties and Judge Rau relied upon to contend that once publicly disclosed, the sealed FBI Affidavit could no longer be afforded any protection. *Id.* Specifically, the Third Circuit

4

noted with regard to *In re Charlotte Observer*, 921 F.2d 47 (4th Cir. 1990)—a case cited by the

*Inquirer* parties—that, despite its language, *Charlotte Observer*'s holding was based in the law

of prior restraint because the district court order there barred reporters from publishing

information they had lawfully obtained. *Smith*, 123 F.3d at 154 (also referencing *Nebraska*

*Press Ass'n v. Stuart*, 427 U.S. 539 (1976)). By contrast, in *Smith*, as in the case at bar, no such

restraint of the press was at issue. Thus, even though the district court could not prevent the

press from publishing the sentencing memorandum already in their possession, the court

properly prevented further government disclosures of the information in it, and the confidential

document was rightfully under seal and entitled to protection notwithstanding its prior

disclosure. *Id.* at 154-55. Likewise, the relief that Dougherty seeks from this Court does not

involve prohibiting the media from publishing the FBI Affidavit already in its possession. *Smith*

therefore dictates that this Court has the power to enforce the seal protection of the FBI Affidavit

despite the prior public disclosure.[3]

Moreover, the fact that the FBI Affidavit was inadvertently disclosed by the Government

and the Government acted promptly to rectify its public filing upon learning of the error provides

an additional reason why this Court may prohibit unauthorized judicial use of the FBI Affidavit

without leave of this Court. *See Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190

(9th Cir. 2007); *cf.* Fed. R. Evid. 502 (providing that inadvertent disclosure when made in a

federal proceeding does not waive privilege where the holder of the privilege promptly took

reasonable steps to rectify the error). In *Al-Haramain*, the government inadvertently disclosed to

counsel for a target of the Terrorist Surveillance Program a sealed document containing

privileged state secrets that the target alleged proved it had been subjected to warrantless

---

[3] While *Smith* involved confidential grand jury information as opposed to a confidential affidavit of probable cause in support of a search warrant, "warrant proceedings are indistinguishable from grand jury proceedings." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1215 (9th Cir. 1989).

surveillance. 508 F.3d at 1194-95. The document was then disseminated by the target's counsel to its client and was reviewed by a Washington Post reporter. *Id.* at 1195. The FBI, notified of the inadvertent disclosure, subsequently retrieved some, but not all, of the copies. *Id.* The target attempted to use the inadvertently disclosed sealed document in support of its lawsuit against the government for unconstitutional surveillance, providing a copy of the document to the District Court. *Id.* The Ninth Circuit affirmed the district court's finding that the sealed document was protected by the state secrets privilege even though it had been inadvertently disclosed and further held that neither the document nor descriptions of its contents could be used in connection with the litigation. *Id.* at 1204-05.

Under *Smith* and *Al-Haramain*, it is clear that this Court can, and should, afford the relief that Dougherty seeks. ***The original FBI Affidavit was sealed from its inception*** by the Honorable Thomas J. Rueter of this Court and ***has never been unsealed by any federal judicial officer***. When the U.S. Attorney's Office discovered that a copy of the FBI Affidavit had been inadvertently included as an exhibit to Document 27 in place of the affidavit for the search of criminal defendant Donald Dougherty's residence, it promptly sought for this Court to remove the wrongly-filed FBI Affidavit pertaining to Movant and return the document to the Government's custody. The Government has treated, and continues to treat, the FBI Affidavit as a sealed document protected from public view despite the prior inadvertent disclosure. There is no basis in law or fact to find that this confidential, sealed document lost its seal protection by virtue of an inadvertent and promptly corrected disclosure, especially where, as here, the party harmed by the disclosure played no part in its dissemination. Indeed, to hold otherwise would be to make seal protection meaningless, as errors resulting in the inadvertent release of sealed documents are not unprecedented.

## II.   The FBI Affidavit Is Entitled to Seal Protection for Reasons Beyond the Protection of Movant's Identity

The *Inquirer* parties erroneously contend that the seal on the FBI Affidavit may not be enforced because Judge Robreno ruled that certain documents relating to the criminal investigation and prosecution of ***Donald Dougherty*** did not require sealing to protect the identification of John Dougherty since his name had already been disclosed in open court.  This argument overlooks the key fact that neither Judge Robreno nor any of the counsel in attendance at the hearing on this issue was aware at the time that a copy of the sealed FBI Affidavit pertaining to the search of ***John Dougherty's residence*** was attached to a filing in the Donald Dougherty matter.  Moreover, and importantly, Judge Robreno's rationale for ordering certain *other* documents unsealed in the Donald Dougherty matter does not extend to the FBI Affidavit supporting the search of John Dougherty's residence, which is entitled to protection under the law for reasons that extend beyond disclosure of his identity.  The juxtaposition of the unindicted individual's name with the allegations of criminal activity in such warrant affidavits threatens irreparable harm to privacy rights and reputation that merits seal protection.

Warrant materials, and in particular, affidavits in support of search warrants, have historically been shielded from the public and are routinely sealed pre-indictment.  As the Ninth Circuit stated in *Times Mirror*, "[w]e are not alone in our view that search warrant proceedings, like grand jury proceedings, require secrecy," and the policy reasons behind grand jury secrecy "apply with equal force to warrant proceedings."  873 F.2d at 1215 (holding that the *First Amendment* and common law right of access to judicial records does not apply to search warrant documents).  The *Times Mirror* Court explained the reason for the required secrecy of warrant affidavits like the FBI Affidavit at issue:

> The process of disclosing information to a neutral magistrate to obtain a search warrant, therefore, has always been considered an extension of the criminal investigation itself. It follows that the information disclosed to the magistrate in support of the warrant request is entitled to the same confidentiality accorded other aspects of the criminal investigation. Both the magistrate in granting the original sealing order and the district court in reviewing such orders have necessarily been highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal.

873 F.2d at 1214.

Where, as here, the affidavit in support of the search warrant pertains to individuals who are never indicted, those individuals have the right to maintain their privacy and presumption of innocence. *See id.* at 1216. The Third Circuit recognized this important privacy interest when it affirmed the sealing of portions of a bill of particulars that included unindicted co-conspirators, reasoning that attaching those names to the allegations would send a message to the public that the individuals are guilty or may be guilty of a crime in the opinion of the government. *United States v. Smith*, 776 F.2d 1104, 1113 (3d Cir. 1985). According to the Third Circuit, "the risk of serious injury to innocent third parties is a grave one," when one considers that the government's opinion regarding the unindicted individuals "was formed on the basis of an investigation that had not yet reached the point where [the U.S. Attorney] was willing to make a decision whether to prosecute," and unindicted individuals "will not have the opportunity to prove their innocence in a trial." *Id.* Thus, the Third Circuit concluded, "the clearly predictable injuries to the reputations of the named individuals is [sic] likely to be irreparable." *Id.* at 1114.

Relying in part on the reasoning of the Third Circuit, the Ninth Circuit recognized that the privacy interests of the unindicted and pre-indicted would be transgressed if search warrant materials were open to the public:

> The risks identified [by the Third Circuit] in *Smith* are also present when search warrant materials are made public. Persons who prove to be innocent are frequently the subjects of government investigations. . . . [A] search warrant

affidavit may supply only the barest details of the government's reasons for believing that an individual may be engaging in criminal activity. Nonetheless, the issuance of a warrant -- even on this minimal information -- may indicate to the public that government officials have reason to believe that persons named in the search warrant have engaged in criminal activity. Moreover, persons named in the warrant papers will have no forum in which to exonerate themselves if the warrant materials are made public before indictments are returned. Thus, possible injury to privacy interests is another factor weighing against public access to warrant materials during the pre-indictment stage of an investigation.

*Times Mirror*, 873 F.2d at 1216.

Accordingly, the fact that John Dougherty's name had been identified in documents relating to Donald Dougherty does not justify stripping the FBI Affidavit, which requires protection for additional reasons, of its seal. And there is no basis to conclude that Judge Robreno's determination would, or could, extend to the FBI Affidavit pertaining to John Dougherty.

### CONCLUSION

For all of the foregoing reasons, Movant requests the relief sought in his Expedited Petition to Enforce and Maintain Seal Protection over the highly confidential, sealed FBI Affidavit.

Respectfully submitted,

**SPRAGUE & SPRAGUE**

Dated: June 5, 2014                     By: _____

Richard A. Sprague, Esquire (I.D. #04266)
Joseph R. Podraza, Jr., Esquire (I.D. #53612)
Brooke Spigler Cohen, Esquire (I.D. #204648)
Alan Starker, Esquire (I.D. #43809)
135 S. 19th Street, Suite 400
The Wellington Building
Philadelphia, PA  19103
(215) 561-7681

*Attorneys for Movant, John J. Dougherty*

## CERTIFICATE OF SERVICE

I, Brooke Spigler Cohen, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Further Support of Expedited Petition to Enforce and Maintain Seal Protection over the Highly Confidential FBI Affidavit Pertaining to John J. Dougherty, Movant, was served on this date *via* hand delivery on the following parties:

Paul L. Gray, Esquire
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Michele D. Hangley, Esquire
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
18th & Cherry Streets, 27th Floor
Philadelphia, PA 19103-6933

Robert C. Heim, Esquire
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104

Date: June 5, 2014

Brooke Spigler Cohen