IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 07-CR-0361-1 |
| | : | |
| v. | : | |
| | : | *In re* PETITION OF |
| DONALD DOUGHERTY, JR. | : | JOHN J. DOUGHERTY |

ORDER

**AND NOW**, this 6th day of June, 2014, upon consideration of John J. Dougherty's oral Motion for Judicial Notice at the June 5, 2014 hearing in this matter, **the Court HEREBY ORDERS and DECREES that—**

1. The oral Motion is **GRANTED in the respect that the Court DECREES that—**

    a. By an Order dated November 9, 2006 in sealed case *United States of America v. Certain Premises*, No. 06-1129M (Docket No. 2), United States Magistrate Judge Thomas J. Rueter "sealed and impounded" the FBI Search Warrant Affidavit of Probable Cause relating to John J. Dougherty ("FBI Affidavit," Docket No. 1 in that case).

    b. A copy of the November 9, 2006 Order is attached to this Order as Exhibit 1. The November 9, 2006 Order, as attached, is hereby unsealed.

    c. No order of which the Court is aware, on any federal docket, i.e., in *United States of America v. Certain Premises*, No. 06-1129M, or in the instant case, *United States of America v. Donald Dougherty, Jr.*, No. 07-cr-0361, ever unsealed the FBI Affidavit.

    d. The original FBI Affidavit, signed by the affiant and Judge Rueter, remains sealed and impounded in *United States of America v. Certain Premises*, No. 06-1129M.

1

e. Pursuant to the Court's December 17, 2012 Order in the instant case, *United States of America v. Donald Dougherty, Jr.*, No. 07-cr-0361, there is no copy of the FBI Affidavit on the docket in the instant case, and therefore the FBI Affidavit cannot be sealed in the instant case.

2. There is no Protective Order regarding the FBI Affidavit on the docket in either *United States of America v. Certain Premises*, No. 06-1129M, or *United States of America v. Donald Dougherty, Jr.*, No. 07-cr-0361.[1]

---

[1] The Court observes that "seal order" and "protective order" are not interchangeable terms, and notes the importance, as this case demonstrates, of accurate and precise verbiage. The former prevents all but specified individuals from obtaining access to the document in question from a court's docket, whereas the latter acts as a gag order or restraint on the usage of the documents in question by any number of individuals. *See, e.g., United States v. Wecht*, 484 F.3d 194, 212 (3d Cir. 2007) ("[T]he sealing order prevented direct public access to the documents while the protective order prohibited defense counsel from disseminating the information to the public."); *cf. also, e.g., New York Times Co. v. United States*, 403 U.S. 713, 732-33 (1971) (Stewart, J., concurring) ("Indeed, even today where we hold that the United States has not met its burden [of justifying a prior restraint on the publication of the Pentagon Papers], the material remains sealed in court records and it is properly not discussed in today's opinions.").

Further, the Court draws to the parties' attention another paragraph from *United States v. Smith*, 123 F.3d 140 (3d Cir. 1997), the case from which John J. Dougherty draws the proposition that "[t]he Third Circuit has explicitly rejected the contention made here by the *Inquirer* parties that this Court may not enforce the seal over the FBI Affidavit simply because it was at one time publicly available due to the Government's inadverten[ce]," Mem. Further Support (Docket No. 152) (citing *Smith*, 123 F.3d at 144), and again observes that seal orders and protective orders are distinct, and depend on their respective and particular terms and the support provided for those terms. *See generally Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

> [T]he potential grand jury secrets disclosed here were disseminated to members of the public, rather than to certain, identifiable government lawyers and their staffs. *The order entered by the district court in this case cannot effectively bar further dissemination of any potential grand jury secrets by members of the public who possess the sentencing memorandum.*[17] Nevertheless, this difference in the degree of disclosure does not change the result in this case. Although *the district court could not prevent the newspapers from publishing the sentencing memorandum once they came into possession of it*, the court properly prevented further government disclosures of the putative grand jury secrets contained in the sentencing memorandum to additional parties. Even if the dissemination by members of the public continues, the order barring further disclosure of any secret grand jury material will at least narrow that dissemination.

2

**IT IS SO ORDERED AND DECREED.**

No. 07-cr-0361
BY THE COURT:

_____
GENE E.K. PRATTER
United States District Judge

---

*Smith*, 123 F.3d at 154-55 (3d Cir. 1997) (emphasis added). Footnote 17, retained in the excerpt, states:

> Nor could the court enter an order barring parties in possession of the sentencing memorandum from passing the memorandum onto other parties. Under prior restraint law, orders prohibiting the media from publishing information already in its possession are strongly disfavored. *See, e.g., Oklahoma Publishing Co. v. District Court*, 430 U.S. 308 (1977); *Nebraska Press Association v. Stuart*, 427 U.S. 539 (1976).

*Smith*, 123 F.3d at 155 n.17. Although John J. Dougherty's Memorandum of Further Support (Docket No. 152) urges that "the relief that Dougherty seeks from this Court does not involve prohibiting the media from publishing the FBI Affidavit already in its possession," and that "*Smith* therefore dictates that this Court has the power to enforce the seal protection of the FBI Affidavit despite the prior public disclosure," Mem. Further Support 5, that assertion begs the question of what "enforc[ing] the seal protection" actually means.

As suggested during the June 5, 2014 hearing, and in anticipation of the parties' incoming briefing, it remains unclear to the Court how and why, even assuming, *arguendo*, that no federalism-type concerns were implicated, the Court could now issue what, in effect, might be a prior restraint, regardless of to whom it might be directed. And, it seems, this question raises grave redressability and/or mootness questions.

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

CERTAIN PREMISES

FILED

NOV 9 2006

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

MAGISTRATE NO. 06-1129

### ORDER

AND NOW, this 9 day of November 2006, upon consideration of the Government's Motion to Impound the Search Warrant, the Affidavit for Search Warrant, any subsequent inventory, and accompanying docket papers, it is hereby

ORDERED

that the within Search Warrant and Affidavit for Search Warrant, any subsequent inventory, and accompanying docket papers are sealed and impounded until further Order of the Court.

The Clerk of Court is directed to make no public docket entry of the sealed documents and motion and order to seal, and copies of all sealed documents should be provided only to Anita Eve.

The Court enters this Order because there is no public right of access to search warrant materials in general, see, e.g., Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir.1989), and, to the extent that the Affidavit for Search Warrant and relevant papers relate to matters occurring before a grand jury, there is no public right of access to grand jury materials as well, United States v. Smith, 123 F.3d 140 (3d Cir. 1997). Even assuming that there is a public right of access to search warrant materials, that right must be balanced against other interests, including the government's interest in protecting cooperating witnesses and ongoing criminal investigations, and the right of individuals named in the materials who have not been charged

with any offense to maintain their privacy and the presumption of innocence. See, e.g., Baltimore Sun Co. v. Goetz, 886 F.2d 60 (4th Cir.1989); In re Search Warrant for Secretarial Area ("Gunn I"), 855 F.2d 569 (8th Cir.1988). This Court finds that, even if a public right of access to search warrant materials exists, this right is outweighed in this case by the other interests listed above.

It is further ORDERED that agents executing the search warrant are authorized, as required by Federal Rule of Criminal Procedure 41(f), to leave a copy of the search warrant and a receipt for the property seized with the person searched or at the property searched.

BY THE COURT:

THOMAS J. RUETER
United States Magistrate Judge