IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 07-361 |
| DONALD DOUGHERTY | : | |

**GOVERNMENT'S POST-HEARING SUPPLEMENTAL BRIEF**

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, Joseph F. Minni, and Lauren R. Baer, Assistant United States Attorneys, pursuant to this Court's Order dated June 22, 2016, submits this supplemental brief to address issues raised at oral argument in the above-captioned case:

**I.    BACKGROUND**

On June 22, 2016, this Court held a hearing to consider the defendant's motion seeking to mark his restitution obligation satisfied in the in the above-captioned case. Following the hearing, this Court entered an Order directing the parties to file supplemental briefs to address the issues raised at the hearing in this matter, "including the issues of the burden of proof and the Court's authority to grant the requested relief." ECF No. 179. Now, approximately five years after the defendant, Donald Dougherty, entered into a purported agreement with his victim, the International Brotherhood of Electrical Workers Local 98 ("IBEW") or the IBEW Benefits Fund, to settle the amount of restitution owed, Dougherty seeks court approval of this settlement to vacate the balance of restitution imposed by this Court. For the reasons explained by the government at the hearing and below, approval of the settlement under the circumstances is not appropriate and this Court should deny the motion.

## II.     DISCUSSION

### A.     The Burden of Proof

As the movant, Dougherty bears the burden of proof in this instance. In this regard, Dougherty must establish by a preponderance of the evidence that he is entitled to a modification of his restitution obligation. *See, e.g., United States v. Singh*, 2016 WL 3407608, *1 (E.D. Cal. June 20, 2016), citing *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015) (Factual determinations regarding a restitution order must be supported by a preponderance of the evidence). 18 U.S.C. Section 3664(o) of the Mandatory Victims Restitution Act ("MVRA"), governs the circumstances under which the court can modify, amend, or adjust an otherwise final sentence of restitution. This section, however, does not address the issue of burden of proof. Issues regarding the burden of proof in restitution matters are specifically set forth under 18 U.S.C. Section 3664(e), which specifically provides:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant. *The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.*

(Emphasis added). *See, e.g., United States v. Feldman*, 2004 WL 1964910, *2 n.4 (E.D. Pa. 2004) (The Court has the power to set the burden of proof on this issue "as justice requires)."

As explained by the Court in *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998), "[t]he [MVRA] allocates the various burdens of proof among the parties who are best able to satisfy those burdens and who have the strongest incentive

to litigate the particular issues involved." *Cf. United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996) ("[A]s a general rule, the party seeking the adjustment in the sentence is the party that has the burden of proving the facts to support the adjustment"). Under the MVRA, this burden-shifting occurs "because the MVRA allocates the various burdens of proof among the parties who are best able to satisfy those burdens and who have the strongest incentive to litigate the particular issues involved." *Sheinbaum*, 136 F.3d at 449. *Cf. United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011) (emphasizing that the defendant has the burden of establishing offsets to restitution because he is in the best position to know the value of the legitimate goods or services provided to his victims); *United States v. Banks*, 62 F. Supp.3d 125, 132 (D. D.C. 2014), citing *United States v. Malone*, 747 F.3d 481, 486 (7th Cir. 2014) (noting that defendants bear the burden of establishing the proper amount of offsets to be applied to a restitution order at the time of sentencing).

Here, the interest of justice requires that the burden of establishing the right to an adjustment to the restitution order should fall on Dougherty. As held by this Court in *United States v. Sims*, 2003 WL 22016771 *4 (E.D. Pa. 2003), under the MVRA, "[i]t is logical to place the burden for proving a restitution credit upon the defendant when it is the defendant who seeks to lower the outstanding restitution balance." Thus, the burden logically should fall on Dougherty because he is in a better position to demonstrate the facts and circumstances in support of the reduction. More importantly, the desire to obtain the requested relief provides Dougherty with the incentive, rather than the government, to litigate this issue. *See Sheinbaum*, 136 F.3d at 449. *See also United States v. Elson*, 577 F.3d 713 (6th Cir. 2009) (defendant bears the burden of proving restitution was paid); *United States v. Patel*, 2012 WL 2505822, *2

(N.D. Ohio 2012) (defendant bears burden to prove that the victim has already been compensated for its loss). Accordingly, Dougherty must demonstrate by a preponderance of the evidence that he is entitled to a reduction of restitution in this instance based on his purported settlement with the IBEW.

### B. Writ of *Audita Querela*

During the hearing, Dougherty raised for the first time that extraordinary relief through the writ of *audita querela* is available in this case. The government strongly disagrees.

The writ of *audita querela* is "an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). *Richardson v. United States*, 2016 WL 3747284, at *2 (E.D. Va. July 12, 2016), citing *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991) (*Audita querela* is a common law writ "that, if available at all, . . . can only be available where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy"); *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010) (writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition). Debtors in civil cases typically used the writ prevent execution by a judgment creditor "because of some defense or discharge arising subsequent to the rendition of the judgment." *Holt*, 417 F.3d at 1174; *Jackson v. Flournoy*, 2016 WL 3167187, *2 (S.D. Ga. June 6, 2016). However, a writ of *audita querela* is no longer available in the civil context, *see* Fed.R.Civ.P. 60(e), *Miller*, 599 F.3d at 487; *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and is available only to attack a criminal judgment. *Jackson v. Flournoy*, 2016 WL 3167187,

- 4 -

at *2. While under the All Writs Act, 28 U.S.C. § 1651(a), federal courts are authorized to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the statute is a "residual source of authority to issue writs that are not otherwise covered by statute" and does not apply if a statute specifically addresses the issue. *See Pennsylvania Bureau of Corrections v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985). Thus, where a statute has a mechanism for relief, a court may not grant a writ of *audita querela*. *See Holt*, 417 F.3d at 1175.

The Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954), makes clear that the common law writ of *audita querela* can be used only if the writ permits a defendant to raise a legal objection not cognizable under existing federal post-conviction remedies. *United States v. Ayala*, 894 F.2d 425, 430 (D.C. Cir. 1990). In *Jackson v. Flournoy*, the court specifically noted that "some Circuits have recognized, 'with some reservation, that the writ of *audita querela* might also survive in criminal adjudications, if there is a gap for it to fill' in the federal post-conviction remedial scheme." 2016 WL 3167187, at *3 (citations omitted). *See also Massey v. United States*, 581 F.3d at 174, citing *Holt*, 417 F.3d at 1175. Also, while the Third Circuit has addressed the use of the writ in various contexts, it has not directly addressed whether the writ applies with respect to restitution.

At the recent hearing in this case, Dougherty relied upon the Third Circuit decision in *Massey v. United States* in support of his claim that relief is available under a writ of *audita querela*. In that case, the district court denied the defendant's motion under 28 U.S.C. § 2255, and the defendant thereafter challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of *audita querela* with the district court. The district court denied the defendant's petition and he appealed.

- 5 -

On appeal, the Third Circuit affirmed the district court's order denying the petition for a writ of *audita querela*. In its decision, the Court explained that a writ of *audita querela* permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." 581 F.3d 172, 174, citing *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir.1990). The Court ultimately affirmed the district court's holding that Massey could not seek relief via a petition for a writ of *audita querela* because his claim was cognizable under 28 U.S.C. § 2255. *Id*. Therefore, there was no gap to fill in the post-conviction remedies. *Id*.

The government was able to locate only one case, *United States v. Miller*, 599 F.3d 484 (5th Cir. 2010), in which the court addressed the applicability of the writ of *audita querela* with respect to restitution. In *Miller*, the defendant filed a petition for writ of *audita querela* with the district court, alleging that the government failed to credit money received by the victim employer, and therefore his restitution order was incorrect. *Id*. at 486-87. The district court denied the defendant's petition and the defendant appealed. *Id*. at 487.

On appeal, the Fifth Circuit affirmed, holding that that restitution order was not rendered infirm by government's failure to credit recovered sum against restitution obligation and the writ was not available. The Court reasoned that purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*. 599 F.3d 487. The Court also held that the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy. *Id*. at 488, citing *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 2001). *See also United States v. Ayala*, 894 F.2d at 428 (relief pursuant to a writ of *audita querela* allowed only where

- 6 -

a gap exists in the system of federal post-conviction remedies.).  The Court, therefore, concluded that the writ was not available because it can only be applied to rectify a judgment which, though correct when rendered, has since become infirm.  *Id*. at 490.

Applying the standards set forth in the above cases, it is clear that the writ is not applicable here.  If it applies at all, as noted above, such a writ is available only where a valid judgment is now infirm.  Here, Dougherty attempts to argue that restitution for IBEW is no longer valid as a result of his purported settlement.  However, this Court never approved this settlement, and restitution entered in favor of IBEW remains outstanding.  This Court's restitution judgment entered in favor of victim IBEW is not infirm or unenforceable, and it remains a valid, judgment.  Therefore, a writ of *audita querela* must not issue in this instance.

Relief through this writ also is not available because there is a statutory basis for relief other than through the All Writs Act.  The courts have clearly held that the writ can only be used in cases where no other applicable post-conviction statute is available to the defendant.  In this regard, other statutes, such as 18 U.S.C. Sections 3664(o) and 3664(k), provide a basis for relief.  Congress when enacting the MVRA, provided limited grounds under which a defendant could seek relief from a final restitution judgment.  18 U.S.C. § 3664(o).  Accordingly, relief through a writ of *audita querela* is not proper in this instance.

### C.   **Relief From the Restitution Judgment Is Not Proper Here**

As argued by the government at the hearing, it believes that relief from the payment of restitution to the IBEW may not be appropriate under the circumstances here.  Dougherty seeks to have this Court accept a settlement based on an agreement made five years ago with a victim, when, conceivably, his financial condition was much

different than the present. During the past several months, Dougherty paid more than $2.5 million to satisfy all obligations owed to the IRS. This Court also should consider whether the settlement agreement represents an arms-length transaction between Dougherty and IBEW. Under the circumstances here, Dougherty has failed to demonstrate that this Court should approve a purported settlement of restitution made five years ago that satisfies restitution owed to IBEW. Accordingly, this Court should deny Dougherty's motion.

### III. CONCLUSION

For the reasons explained above, the government submits that this Court should deny the motion for relief from restitution.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


*/s/ Joseph F. Minni*
JOSEPH F. MINNI
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Victim/Witness Unit

*/s/ Lauren R. Baer*
LAUREN R. BAER
Assistant United States Attorney

Date: July 15, 2016

## **CERTIFICATE OF SERVICE**

The foregoing SUPPLEMENTAL BRIEF OF UNITED STATES OF AMERICA TO ADDRESS ISSUES RAISED AT ORAL ARGUMENT will be served electronically through the District Court Electronic Case System upon:

>Eric W. Sitarchuk, Esquire
>MORGAN, LEWIS & BOCKIUS LLP
>1701 Market Street
>Philadelphia, PA 19103-2921
>
>Matthew J.D. Hogan, Esquire
>MORGAN, LEWIS & BOCKIUS LLP
>1701 Market Street
>Philadelphia, PA 19103-2921

>*/s/ Joseph F. Minni*
>JOSEPH F. MINNI
>Assistant United States Attorney

Date: July 15, 2016