## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 07-361 |
| | : |
| DONALD DOUGHERTY, JR. | : |
| | : |

## JOINT STIPULATION TO MARK
## RESTITUTION OBLIGATION SATISFIED

The United States of America and Defendant Donald Dougherty, Jr., through their undersigned counsel, hereby agree and stipulate that, subject to an additional payment by Mr. Dougherty of $368,717.53 within 10 days of the approval of this Stipulation by the Court, restitution owed to IBEW Local 98 is fully satisfied. In support of this stipulation, the parties state:

1.      Mr. Dougherty was sentenced by this Court on or about December 17, 2008, to a term of imprisonment of 24 months, followed by 5 years of supervised release. He also was ordered to pay restitution in the amount of $2,306,541, which included $1,633,471 to be paid to the Internal Revenue Service (the "IRS") and $673,070 to be paid to either the International Brotherhood of Electrical Workers Local 98 or to counsel for the IBEW Benefits Fund (collectively "IBEW 98"). Judgment and Conviction ("J&C") Doc. No. 114.

2.      The IRS restitution has been paid in full.

3.         As to the restitution owed to IBEW 98, an independent auditor (Novak Francella, LLC) conducted an audit on behalf of IBEW 98 and determined that the amount owed to IBEW 98 by Mr. Dougherty was not $673,070 but was, in fact, $488,975.63. This consisted of all unpaid contributions, interest and liquidated damages owed by Dougherty Electric, Inc. to IBEW 98 as a result of the offense. The parties have no reason to dispute this figure and believe it is the appropriate figure to use for the restitution to IBEW 98.

4.         In the summer of 2011, following his release from prison, Mr. Dougherty and IBEW 98 entered into a settlement agreement for a lump sum immediate payment of $200,000 in satisfaction of all obligations owed to IBEW 98 arising out the offense. Payment was made by check dated May 26, 2011. At the time, the U.S. Probation Department was made aware of this settlement by Mr. Dougherty. The parties agree that $30,000 of this $200,000 payment should be credited to restitution but $170,000 should not be.

5.         The undersigned understands that the Clerk's Office also has an additional $90,258.10 in Mr. Dougherty's restitution payments on account, which will also be remitted to IBEW 98.

6.         This leaves $368,717.53 as the amount due and owing to IBEW 98 as restitution ($488,975.63 less $30,000 less $90,258.10).

7.         On March 8, 2016, Mr. Dougherty filed a motion to mark restitution satisfied based on the $200,000 settlement with IBEW 98. The parties later agreed that a decision on that motion be stayed pending a then ongoing federal criminal investigation. Doc. No. 169. Mr. Dougherty is filing a separate notice of withdrawal of the March 6, 2016 motion.

WHEREFORE, subject to the approval of the Court, the parties hereby stipulate that the remaining restitution amount owed to IBEW Local 98 is satisfied upon payment by Mr.

Dougherty of $368,717.53 within 10 days of the Court's approval of this stipulation and his filing a notice of withdrawal of his March 6, 2016 motion to mark restitution satisfied.

Respectfully submitted,

BY THE GOVERNMENT:


/s/Richard P. Barrett
_____
Richard P. Barrett
Assistant United States Attorney



BY THE DEFENDANT:


/s/Eric W. Sitarchuk
_____
Eric W. Sitarchuk
MORGAN LEWIS & BOCKIUS
1701 Market Street
Philadelphia, PA  19103
215-963-5000

APPROVED BY THE COURT:

_____
GENE E.K. PRATTER
United States District Judge


DATED: April 28, 2021 , 2021

3